DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael W. Beatty, appeals the decision of the Lorain Municipal Court, which convicted him of failure to yield to an emergency vehicle. This Court affirms.
 I. {¶ 2} On February 21, 2003, appellant and a Life Care Ambulance were involved in a serious accident while the Life Care Ambulance was on an emergency run. Appellant was charged with failure to yield to an emergency vehicle, a violation of R.C.4511.45.
 {¶ 3} The trial court found appellant guilty of a violation of R.C. 4511.45, and sentenced appellant to a two hundred dollar fine plus costs. Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred in finding appellant guilty of violating Ohio revised code section 4511.45 when the emergency rescue vehicle was not discernable prior to the moment of collision and appellant was traveling at normal speed with a green light, his windows cracked, radio on and his view obstructed by a building and parked cars.
"The trial court erred to the substantial prejudice of the appellant when it found appellant guilty of violating Ohio revised code section 4511.45(a) as the trial court's finding of guilt was not supported by credible evidence and contrary to the manifest weight of the evidence."
 {¶ 4} In his sole assignment of error, appellant argues that his conviction is not supported by credible evidence and is against the manifest weight of the evidence. This Court disagrees.
 {¶ 5} As an initial matter, this Court notes that the sufficiency and manifest weight of the evidence are legally distinct issues. State v. Manges, 9th Dist. No. 01CA007850, 2002-Ohio-3193, at ¶ 22, citing State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52. Sufficiency tests whether the prosecution has met its burden of production at trial, whereas a manifest weight challenge questions whether the prosecution has met its burden of persuasion. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600. On a sufficiency of the evidence review "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) Jackson v. Virginia
(1979), 443 U.S. 307, 319, 61 L.Ed.2d 560.
 {¶ 6} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. "Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." Cuyahoga Falls v. Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735.
 {¶ 7} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 8} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 9} Appellant was convicted of failure to yield to an emergency vehicle in violation of R.C. 4511.45, which states, in relevant part:
"Upon the approach of a public safety vehicle * * *, equipped with at least one flashing, rotating or oscillating light visible under normal atmospheric conditions from a distance of five hundred feet to the front of the vehicle and the driver is giving an audible signal by siren, * * * no driver of any other vehicle shall fail to yield the right-of-way, immediately drive if practical to a position * * * clear of any intersection, and stop and remain in that position until the public safety vehicle * * * has passed."
 {¶ 10} In previously addressing this same issue, this Court stated:
"While an automobile driver should use ordinary care to maintain a lookout for emergency vehicles, a driver must have a reasonable opportunity to maintain such a lookout. We hold that in order to sustain a conviction under R.C. 4511.45, the State must show that a driver-defendant had a reasonable opportunity to use his senses of sight and hearing to notice an oncoming emergency vehicle." State v. O'Toole (Oct. 21, 1992), 9th Dist. No. 92CA005281.
 {¶ 11} Officer Harris of the Lorain Police Department testified on behalf of the State. Officer Harris testified that during his investigation of the accident, he went to Lorain Community Hospital and spoke with appellant. Officer Harris testified that when he questioned appellant, appellant told him that he observed the ambulance approaching the intersection and observed the emergency lights. Officer Harris also testified that appellant told him that he did not hear a siren. Officer Harris further testified that appellant told him that after he observed the ambulance approaching, he proceeded through the intersection.
 {¶ 12} Celeste Rodriguez, the driver of the ambulance, and Shawn Clawson, her partner, also testified on behalf of the State. Both Ms. Rodriguez and Mr. Clawson testified that on the morning of the accident, they inspected the ambulance to ensure that all of the lights and sirens were working properly and that they were. Rodriguez and Clawson also testified that at the time of the collision with appellant's vehicle the lights and sirens were activated and working.
 {¶ 13} Brian Sarvas testified on behalf of the defense. Mr. Sarvas testified that he was traveling approximately a car length behind appellant's vehicle when the incident occurred. Mr. Sarvas testified that he did not hear or see the ambulance until just before it collided with appellant's vehicle. Mr. Sarvas further testified that, in his opinion, appellant had no opportunity to react to avoid the collision with the ambulance.
 {¶ 14} Kevin Cullen also testified on behalf of the defense. Cullen testified that he was in his vehicle in the intersection when the incident occurred. Mr. Cullen testified that he did not hear any emergency sirens or see any emergency lights.
 {¶ 15} Appellant testified on his own behalf. When questioned about the statements he made to Officer Harris, appellant denied telling Officer Harris that he observed the ambulance approaching the intersection or seeing the emergency lights on the ambulance. Appellant testified that a building with cars parked on the building's lot and the fact that the road slopes approximately two feet below sidewalk level, obstructed his view in the direction that the ambulance was traveling from; thus, causing him not to be able to see the oncoming ambulance. Appellant also testified that his windows were down a crack and that he had the radio and the heater on at the time of the accident. Appellant further testified that he had no opportunity to avoid the collision.
 {¶ 16} Although some conflicting testimony was presented, this Court refuses to overturn the verdict because the trial court chose to believe other testimony. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the [trier of fact] believed the prosecution testimony." State v. Gilliam
(Aug. 12, 1998), 9th Dist. No. 97CA006757. Furthermore, the judge in this case had the opportunity to view the witnesses' testimony and adjudge their credibility. Therefore, this Court must give deference to the court's judgment, as matters of credibility are primarily for the trier of fact. See State v. Lawrence (Dec. 1, 1999), 9th Dist. No. 98CA007118; State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Accordingly, this Court holds that appellant's conviction for failure to yield to an emergency vehicle is not against the manifest weight of the evidence.
 {¶ 17} Having found that appellant's conviction was not against the manifest weight of the evidence, this Court also concludes that there was sufficient evidence to support the conviction. See Roberts, supra. Appellant's assertion that the State failed to present sufficient evidence to support his conviction, therefore, is not well taken. Accordingly, appellant's assignment of error is overruled.
 III. {¶ 18} The judgment of the Lorain County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J. and Boyle, J. concur.